UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN REGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 19-1270-CSB |
| | ) |
| JOHN BALDWIN, et al., | ) |
| | ) |
| Defendants | ) |

REPORT AND RECOMMENDATION

**ERIC I. LONG, U.S. Magistrate Judge:**

This cause is before the Court for consideration of Defendants' Second Motion to Enforce the Settlement Agreement. [64].

Plaintiff, a *pro se* prisoner, alleged Illinois Department of Corrections (IDOC) Defendants confiscated his religious medallion in violation of his rights pursuant to the First Amendment and the Religious Land Use and Institutionalized Person's Act. *See* November 26, 2019 Merit Review Order.

The matter was referred to the undersigned for discovery and potential mediation. A settlement conference was held on July 9, 2021, and an agreement was reached. *See* July 9, 2021 Minute Entry; July 12, 2021 Order.

At the conclusion of the mediation, the Court reviewed the terms of the agreement with each party including when and how Plaintiff could wear his medallion and the specific monetary settlement. The parties were allowed 30 days to file the signed Stipulation of Dismissal. *See* July 12, 2021 Order.

1

The record illustrates the Defendants' extensive delays in providing settlement documents to Plaintiff and the parties ultimate disagreement over the wording of the agreement. *See* August 24, 2021 Text Order, (deadline missed, additional time allowed); September 24, 2021 Text Order, (granting two motions for additional time); October 27, 2021 Text Order, (granting extension of time); November 23, 2021 Text Order, (deadline missed, additional time allowed); December 3, 2021 Text Order, (granting extension of time); January 4, 2022 Text Order, (granting extension of time); March 21, 2022 Text Order, (granting extension of time); April 5, 2022 Text Order, (granting extension of time). Plaintiff responded with a Motion to Vacate the Settlement, followed by Defendants' Motion to Enforce. (Plain. Mot., [46]); (Def. Mot., [49]).

On August 18, 2022, the Court considered the motions and found the parties had reached an enforceable settlement agreement. *See* August 18, 2022 Order. "Whether the parties to a federal lawsuit have reached an enforceable settlement is a question governed by contract principles in the state where the court sits." *Brown v. Cook County, Ill.*, 590 Fed.Appx. 639, 640–41 (7th Cir. 2015), *citing Dillard v. Starcon Int'l Inc.*, 483 F.3d 502, 506 (7th Cir. 2007). "Under Illinois law, an oral settlement agreement is valid and binding so long as there is an offer, acceptance, and a meeting of the minds on all material terms." *May v. Mitchell*, 2014 WL 4455032, at *1 (N.D.Ill. Sept. 10, 2014) *citing Dillard*, 483 F.3d at 507. Material terms of the agreement must be definite and certain, and, once agreed upon, the oral agreement becomes binding even though non-material terms may warrant further discussion. *Dillard*, 483 F.3d at 507.

In this case, "Defendants made an offer to settle, Plaintiff accepted the offer, and there was an agreement as to the material terms of the settlement." August 18, 2022 Order, p. 5. The Court again reviewed the specific terms of the agreement including the monetary payment and the use of Plaintiff's religious medallion.

While Plaintiff objected to a section of the agreement concerning the "availability of funds," the Court explained this provision did not change the basic terms of the agreement and it was a necessary condition to resolving litigation with state government. August 18, 2022 Order, p. 5, *citing* (Plain. Mot., [46], p. 2).

The record of the July 9, 2019 settlement conference confirmed Plaintiff was previously advised the Defendants did not have control over when the State Comptroller's Office processed the finalized settlement agreement and released funds to Plaintiff. *See* July 9, 2021 Minute Entry, (Tape #UR-B, 2:02); July 12, 2021 Order. The Court again explained the case would be "dismissed *without prejudice* (meaning Plaintiff can renew his claims if payment is not made) until the Defendants confirm payment is made to Plaintiff. At that point, the dismissal will be converted to a dismissal *with prejudice* (meaning the case will be terminated finally with no right to reinstate it)." August 18, 2022 Order, p. 5.

While the financial agreement was accurately stated, the Court found the proposed settlement did not accurately reflect the agreed injunctive relief concerning Plaintiff's religious medallion. The proposed agreement did not clearly state it pertained to all IDOC facilities. *See* August 18, 2022 Order, p. 6-7.

Therefore, the Court denied Plaintiff's Motion to Vacate the agreement, and Defendants' Motion to Enforce was granted in part and denied in part. *See* August 18, 2022 Order. The Defendants were directed to revise the settlement documents to accurately reflect the agreement concerned all IDOC facilities, resubmit the paperwork to Plaintiff, and file the signed Stipulation of Dismissal within 30 days.

District Court Judge Colin Bruce denied Plaintiff's Motion to Reconsider this order and ultimately allowed the parties additional time to file the stipulation. *See* September 6, 2022 Text Order; October 11, 2022 Text Order.

Defendants next filed another Motion for an Extension of Time stating IDOC was unable to complete the settlement agreement. (Def. Mot., [62]).  Defendants provided a copy of the agreement under seal. While Plaintiff had signed the document, he wrote a line above his signature indicating the Court had "ordered Plaintiff to accept the terms" and he was therefore signing "under duress." (Doc. [61]).

Plaintiff specifically noted his disagreement with two paragraphs.  The first stated Plaintiff could not disclose the terms of the agreement "except as is necessary to enforce the terms of this Agreement or except as expressly required by law." (Doc. [61], p. 3).  The second paragraph stated if any portion of the agreement was found to be invalid or unenforceable, the remainder would remain in effect. (Doc. [61], p. 4).

On November 15, 2022, the Court granted the Motion for an Extension of Time. *See* November 15, 2022 Order.  However, the Court noted it previously held the **"parties did reach an enforceable settlement as to the material terms of the agreement."** November 15, 2022 Text Order, quoting August 18, 2021, Order, p. 7 (emphasis in

original). In addition, the parties had reached that agreement more than a year ago. Therefore, the Defendants were directed to either file the signed Stipulation of Dismissal or file a second Motion to Enforce the Settlement Agreement on or before December 1, 2022. *See* November 15, 2022 Text Order.

Defendants have filed their Second Motion to Enforce which reviews the history of this litigation. (Def. Mot., [64]). Plaintiff chose not to file a response.

The record demonstrates the parties reached an enforceable settlement as to all material terms of their agreement on July 9, 2019. *See* August 18, 2022 Order; November 15, 2022 Text Order. "A material term is an essential provision of a contract that is of such nature and importance that the contract would not have been made without it." *Sprint Nextel Corp. v. AU Elec., Inc.*, 2014 WL 258808, at *5 (N.D. Ill. Jan. 23, 2014). "Specifically, a material term is a provision that goes to the 'heart' of the settlement, as evidenced by the parties' conduct during settlement negotiations." *Id.*

The "heart" of the agreement in this case concerned Plaintiff's ability to wear his religious medallion in IDOC facilities and financial compensation for taking his previous medallion. The terms of the oral agreement on these issues were "definite and certain." *Johnson v. Dart,* 2011 WL 3157298, at *2 (N.D. Ill. Jul. 26, 2011).

On the other hand, the two paragraphs Plaintiff disputes are not material to the agreement, but are instead standard, contract language. *See Dillard v. Starcon Intern., Inc.*, 483 F.3d 502 (7th Cir. 2007)(upholding magistrate judge's enforcement of oral settlement agreement finding parties had agreed to all material terms and disputes over subsequent written agreement concerned immaterial items); *Higbee v. Sentry Ins. Co.*, 253

5

F.3d 994, 997 (7th Cir. 2001)("a lack of agreement on minor, immaterial terms, and a party's subjective and unarticulated belief that she would not be bound by an oral agreement, do not preclude a finding that a contract has been formed."); *Wilson v. Wilson*, 46 F.3d 660, 666–67 (7th Cir.1995) (unresolved immaterial terms do not prevent meeting of the minds); *Cent. Laborers' Pension Fund v. AEH Constr., Inc.*, 2015 WL 1539003, at *3 (C.D. Ill. Mar. 31, 2015)( "If the material terms are agreed upon, the oral agreement is binding even if non-material terms are missing or reserved for later discussion."); *Caldwell Banker Real Estate LLC v. Centanne*, 2010 WL 4313766, at *3 (N.D. Ill. Oct. 25, 2010)( "Illinois courts have consistently held that an agreement may be enforceable even though some terms may be missing or left to be agreed upon by the parties.").

Plaintiff has not provided any argument to dispute the Court's finding that the parties reached an enforceable agreement on July 9, 2019. Therefore, Defendants' Second Moton to Enforce the Settlement Agreement is GRANTED. [64].

The Court recommends the following:

**1) Defendants' Second Motion to Enforce the Settlement Agreement be GRANTED. [64].**

**2) Judgment be entered as follows:**

**a) Plaintiff shall receive $2,310.48 ("Settlement Amount") payable from appropriations made to the Illinois Department of Central Management Services pursuant to 20 ILCS 405/405-105(12). The Settlement Amount**

shall be made payable to John Regan. No individual defendant shall be responsible for payment of any sum pursuant to this Order.

b) Plaintiff shall also receive permission to wear his approved medallion with the following restrictions:

(i) Plaintiff shall be allowed to wear his approved Star of David medallion outside his clothing while he is inside his cell at Illinois Department of Corrections facilities.

(ii) Plaintiff shall be allowed to wear his approved Star of David medallion inside his clothing while he is outside his cell at Illinois Department of Correction facilities.

3) All other terms of the Settlement Agreement and General Release (filed under seal as d/e 63), including the general release included at paragraph 5, be incorporated by reference into the final order;

4) This case be dismissed without prejudice. Defendants shall file notice of payment with the Court, and upon filing of such notice the dismissal will automatically convert to a final dismissal with prejudice.

5) The parties are advised that any objection to this Report and Recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this order. *See* 28 U.S.C. §636(b)(1). Failure to object timely will constitute a waiver of objections on appeal.

Entered this 6th day of January, 2023.

s/Eric L. Long
_____
ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE