UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN REGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 19-1270-CSB |
| | ) |
| JOHN BALDWIN, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER**

**COLIN S. BRUCE, U.S. District Judge:**

This cause is before the Court for consideration of Defendants' Second Motion to Enforce the Settlement Agreement, United States Magistrate Judge Eric I. Long's Report & Recommendation granting Defendants' motion, and Plaintiff's objections to Magistrate Judge Eric I. Long's Report & Recommendation.

The district court reviews *de novo* any part of a magistrate judge's report and recommendation (R & R) to which a specific written objection has been made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

After a careful *de novo* review, Plaintiff's objections to the R&R are overruled. As Magistrate Judge Long correctly noted, "[w]hether the parties to a federal lawsuit have reached an enforceable settlement is a question governed by contract principles in the state where the court sits." *Brown v. Cook County, Ill.*, 590 Fed.Appx. 639, 640–41 (7th Cir.

1

2015), *citing Dillard v. Starcon Int'l Inc.*, 483 F.3d 502, 506 (7th Cir. 2007). "Under Illinois law, an oral settlement agreement is valid and binding so long as there is an offer, acceptance, and a meeting of the minds on all material terms." *May v. Mitchell*, 2014 WL 4455032, at *1 (N.D.Ill. Sept. 10, 2014) *citing Dillard*, 483 F.3d at 507.

The Court agrees with Magistrate Judge Long that the parties reached an oral settlement agreement at the conclusion of mediation. "Defendants made an offer to settle, Plaintiff accepted the offer, and there was an agreement as to the material terms of the settlement." August 18, 2022 Order, p. 5. At the conclusion of the mediation. Magistrate Judge Long reviewed the specific terms of the agreement including the monetary payment and the use of Plaintiff's religious medallion.

There were extensive delays in providing the settlement documents to Plaintiff which ultimately led to Plaintiff filing a Motion to Vacate the Settlement, followed by Defendants' First Motion to Enforce. *See* January 6, 2023 Order, p. 2, [46, 49].

Magistrate Judge Long found while the parties had reached an enforceable settlement, the written settlement did not accurately reflect the agreed injunctive relief. The documents did not indicate the agreement concerning Plaintiff's religious medallion pertained to all IDOC facilities. Therefore, the Motion to Vacate was denied, the Motion to Enforce was granted in part and denied in part, and Defendants were directed to provide a corrected settlement agreement to Plaintiff. *See* August 18, 2021 Order, p. 8.

Plaintiff then signed the revised document, but he added a handwritten line above his signature stating the Court had "ordered Plaintiff to accept the terms" and he was therefore signing "under duress." (Doc. [61]). Specifically, Plaintiff objected to two paragraphs which contained standard contract language, not issues which were material to the agreement. Based on Plaintiff's handwritten addition, the Defendants filed a Second Motion to Enforce, which was granted in Magistrate Judge Long's R & R.

Plaintiff's objection to the R & R initially claims he did not file a timely response to the Defendants' Second Motion to Enforce because he did not receive it. Even if true, Plaintiff again objects to adding any "nonmaterial terms" which were not a part of the mediation. (Plain. Obj. [66], p. 3, 4).

However, the question of whether "an oral settlement agreement is valid and binding "hinges on whether there was "a meeting of the minds on all *material* terms." *May,* 2014 WL 4455032, at *1 (emphasis added). Magistrate Judge Long explained a "material term is an essential provision of a contract that is of such nature and importance that the contract would not have been made without it." *Sprint Nextel Corp. v. AU Elec., Inc.*, 2014 WL 258808, at *5 (N.D. Ill. Jan. 23, 2014). "Specifically, a material term is a provision that goes to the 'heart' of the settlement, as evidenced by the parties' conduct during settlement negotiations." *Id.*

In this case, the "heart" of the agreement concerned Plaintiff's ability to wear his religious medallion in IDOC facilities and financial compensation for taking his previous medallion. There was clearly an offer, acceptance, and a meeting of the minds

on these terms, the same terms the Magistrate Judge reviewed with the parties at the conclusion of mediation.  *See Dillard v. Starcon Intern., Inc.*, 483 F.3d 502 (7th Cir. 2007) (upholding magistrate judge's enforcement of oral settlement agreement finding parties had agreed to all material terms and disputes over subsequent written agreement concerned immaterial items); *Higbee v. Sentry Ins. Co.*, 253 F.3d 994, 997 (7th Cir. 2001)("a lack of agreement on minor, immaterial terms, and a party's subjective and unarticulated belief that she would not be bound by an oral agreement, do not preclude a finding that a contract has been formed."); *Wilson v. Wilson*, 46 F.3d 660, 666–67 (7th Cir.1995) (unresolved immaterial terms do not prevent meeting of the minds); *Cent. Laborers' Pension Fund v. AEH Constr., Inc.*, 2015 WL 1539003, at *3 (C.D. Ill. Mar. 31, 2015)( "If the material terms are agreed upon, the oral agreement is binding even if non-material terms are missing or reserved for later discussion."); *Caldwell Banker Real Estate LLC v. Centanne*, 2010 WL 4313766, at *3 (N.D. Ill. Oct. 25, 2010)( "Illinois courts have consistently held that an agreement may be enforceable even though some terms may be missing or left to be agreed upon by the parties.").

Plaintiff next argues he did in fact sign the settlement agreement.  "Defendants could have signed + filed it + held up their end and been done with it case closed. However, … they seek to further unduly delay and frustrate these proceedings." (Plain. Obj., [66], p. 2).  Plaintiff is mistaken.  His handwritten addition nullifies his signature, or at the very least, calls into question any agreement.

The Court accepts and adopts Magistrate Judge Long's Report and Recommendation. The parties reached a binding and enforceable agreement at the conclusion of mediation despite the omission of terms which were immaterial to that agreement. *See Beverly v. Abbott Lab.*, 817 F. 3d 328, 334 (7th Cir. 2016)("settlement agreement may be enforceable despite the omission of certain terms so long as those terms are not material." ).

**IT IS THEREFORE ORDERED:**

**1) United States Magistrate Judge Eric I. Long's Report and Recommendation [65] is ACCEPTED AND ADOPTED by the Court.**

**2. Plaintiff's objections to United States Magistrate Judge Eric I. Long's Report and Recommendation [66] are OVERRULED.**

**3) Defendants Second Motion to Enforce Settlement [64] is GRANTED.**

**4) Pursuant to the terms outlined in the Report and Recommendation, Judgment shall be entered as follows:**

> **a) Plaintiff shall receive $2,310.48 ("Settlement Amount") payable from appropriations made to the Illinois Department of Central Management Services pursuant to 20 ILCS 405/405-105(12). The Settlement Amount shall be made payable to John Regan. No individual defendant shall be responsible for payment of any sum pursuant to this Order.**
>
> **b) Plaintiff shall also receive permission to wear his approved medallion with the following restrictions:**
>
>> **(i) Plaintiff shall be allowed to wear his approved Star of David medallion outside his clothing while he is inside his cell at Illinois Department of Corrections facilities.**
>> **(ii) Plaintiff shall be allowed to wear his approved Star of David medallion inside his clothing while he is outside his cell at Illinois Department of Correction facilities.**

**3) All other terms of the Settlement Agreement and General Release (filed under seal as d/e 63), including the general release included at paragraph 5, be incorporated by reference into the final order.**

**4) This case be dismissed without prejudice. Defendants shall file notice of payment with the Court, and upon filing of such notice the dismissal will automatically convert to a final dismissal with prejudice.**

**5) If he wishes to appeal this judgment, Plaintiff must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a)(4).**

**6) If Plaintiff wishes to proceed** *in forma pauperis* **on appeal, Plaintiff's motion for leave to appeal** *in forma pauperis* **must identify the issues that he will present on appeal to assist the Court in determining whether the appeal is taken in good faith. Fed. R. App. P. 24(a)(1)(c);** *Celske v. Edwards,* **164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a responsible assessment of the issue of good faith.");** *Walker v. O'Brien,* **216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that**

**"a reasonable person could suppose ... has some merit" from a legal perspective). If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

Entered this 23rd day of January, 2023

s/Colin S. Bruce

_____
COLIN S. BRUCE
UNITED STATES DISTRICT JUDGE